**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DARRIN CODY,**

**Plaintiff,**

**v.**

**HOUSING AUTHORITY OF EAST ST. LOUIS, et al.,**

**Defendants.**

**Case No. 26-CV-01502-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On October 30, 2026, Plaintiff Darrin Cody filed the instant action, alleging that the Housing Authority of East St. Louis and members of its staff violated his civil rights under 42 U.S.C. § 1983 and the Fair Housing Act. (Doc. 1). He now seeks to proceed *in forma pauperis*, (Doc. 4), for the Court to appoint him counsel (Doc. 5) and for the United States Marshals Service to serve process in this case (Doc. 6).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Additionally, if the court finds the merits of plaintiff's claims to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational

argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).

The Court is satisfied from Cody's affidavit that he is indigent. He reports he is unemployed, possesses no assets, and supports himself and his dependent daughter with monthly Social Security Disability Insurance payments. (Doc. 4). Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious. Therefore, the Court **GRANTS** Cody's motion to proceed *in forma pauperis* without prepayment of fees and costs. (Doc. 4).

Because Federal Rule of Civil Procedure 4(c) requires the Court to order that service be made by a United States marshal if the plaintiff is authorized to proceed *in forma pauperis*, the Court further **GRANTS** Cody's motion for service of process at the government's expense. (Doc. 6). Plaintiff Cody is **DIRECTED** to provide the United States Marshals Service with a summons issued in this case, completed USM-285 forms, and sufficient copies of his Complaint. Upon receipt of these documents, the Court **DIRECTS** the United States Marshal to serve a copy of the summons, complaint, and this Order upon Defendants, pursuant to Federal Rule of Civil Procedure 4(c)(3) and in the manner specified by Rule 4(i)(1) & (2). Costs of service shall be borne by the United States.

At this time, Plaintiff's Motion for Recruitment of Counsel (Doc. 5) is **DENIED without prejudice** because Plaintiff has not demonstrated that he has unsuccessfully attempted to obtain counsel on his own. The Court also finds that

Plaintiff can proceed with the litigation at this early stage. Plaintiff may renew his motion if his attempts to obtain counsel on his own are unsuccessful.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**